1   04-CV-05316-CMP

2

3

FILED_____ LODGED
_____ RECEIVED

JUN 0 2 2004

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY

7   UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
8   AT TACOMA

9

10  JACK BARGERON,                    ) No.      C04-5316 FDB
                                       )
11      Plaintiff,                     )
                                       )
12      v.                             ) COMPLAINT
                                       )
13  WAL-MART STORES, INC.,             )
                                       )
14      Defendant.                     )
                                       )
15  _____ ) JURY DEMAND

16

17                    **INTRODUCTION**

18      1.      This action is commenced by plaintiff Jack Bargeron against defendant Wal-Mart

19  Stores, Inc. (Wal-Mart) seeking damages and equitable, injunctive, and declaratory relief as a

20  result of Wal-Mart's failure to accommodate his disability and because of Wal-Mart's

21  discrimination against plaintiff in training, supervision, and advancement because of his

22  disability. This action is brought under Sections 102, 107, and 505 of the Americans With

23  Disabilities Act of 1990, as amended, 42 U.S.C. §§12112, 12117, and 12205 (hereafter "ADA")

24  and the Washington Law Against Discrimination, Chapter 49.60, RCW (hereafter "WALAD").

25  /////

COMPLAINT --1

**David A. Snyder**
Attorney At Law
4370 N.E. Halsey Street, #124
Portland, Oregon 97213
503.222.9290

## FIRST CLAIM FOR RELIEF—
## AMERICANS WITH DISABILITIES ACT

### JURISDICTION

2.    This court has jurisdiction under the provisions of 28 U.S.C. §§1331 and 1343.

### PARTIES

3.    Plaintiff Jack Bargeron has resided in the State of Washington at all times material to the allegations of this complaint.

**4.**    Defendant Wal-Mart Stores, Inc. is a Delaware corporation registered with the Washington Secretary of State. Defendant operates retail stores in several locations within the State of Washington, including stores located on Northeast 104th Avenue in Vancouver, Washington and a store in Spokane, Washington. Defendant Wal-Mart is a person engaged in an industry affecting commerce.

5.    Defendant Wal-Mart has, and at all times material to this dispute has had, more than 500 employees.

6.    Defendant Wal-Mart is an employer within the meaning of Section 101(5) of the ADA. 42 U.S.C. §12111(5).

### FACTS

7.    Plaintiff Bargeron has been deaf since birth.

8.    Plaintiff's deafness substantially limits him in the major life activity of hearing.

9.    Plaintiff's deafness substantially limits him in other major life activities including, but not limited to, speaking, communicating with others, learning, and working.

10.    Plaintiff has a disability. He is deaf.

11.    In the course of considering plaintiff Bargeron's application for employment in 1998, defendant Wal-Mart learned that he was deaf.

12.    In August 1998 Defendant Wal-Mart hired plaintiff Bargeron to work in the

COMPLAINT --2

**David A. Snyder**
Attorney At Law
4370 N.E. Halsey Street, #124
Portland, Oregon 97213
503.222.9290

1   maintenance department of its store located at Northeast 104th Avenue in Vancouver

2   Washington.

3       13.     When Defendant Wal-Mart hired plaintiff Bargeron in August 1998, defendant

4   knew he was deaf.

5       14.     When Defendant Wal-Mart hired plaintiff Bargeron in August 1998, defendant

6   knew that as a result of his being deaf, he would require accommodation for his deafness so that

7   he could enjoy employment opportunities equal to the opportunities available to Wal-Mart

8   employees who can hear.

9

10      15.     At the time Defendant Wal-Mart hired plaintiff Bargeron in August 1998,

11  defendant knew the nature of accommodations required by its deaf employees. At that time.

12  defendant was defending claims of disability discrimination against deaf employees brought by

13  the Equal Employment Opportunity Commission in U.S. District Court for the District of

14  Arizona, *EEOC v. Wal-Mart Stores, Inc.*, CIV-98-0276-TUC WDB.

15      16.     In January 1999, five months after plaintiff was hired, Defendant Wal-Mart

16  consented to the entry of judgment in *EEOC v. Wal-Mart Stores, Inc.*, CIV-98-0276-TUC WDB,

17  in which Wal-Mart recognized its "on-going obligations to a) not discriminate against persons on

18  the basis of deafness in the hiring and accommodation process."

19      17.     Defendant Wal-Mart provided plaintiff Bargeron with an interpreter for part of his

20  initial training shortly after he was hired in August 1998.

21      18.     Despite repeated requests by plaintiff Bargeron and by others on his behalf, with

22  the exception of the initial training described in the preceding paragraph, defendant Wal-Mart

23  has failed to accommodate plaintiff's disability by providing him an interpreter at department

24  meetings, safety meetings or when needed in connection with his employment on other occasions

25  such as on the job training, on the job instruction and counseling, discussions of his performance

    and evaluation of his performance, and advancement within Wal-Mart.
    COMPLAINT --3

**David A. Snyder**
Attorney At Law
4370 N.E. Halsey Street, #124
Portland, Oregon 97213
503.222.9290

1    19.    Despite repeated requests by plaintiff Bargeron and by others on his behalf, other

2    than the initial training described in the preceding paragraph, defendant Wal-Mart has failed to

3    otherwise accommodate plaintiff's disability at department meetings, safety meetings or when

4    needed in connection with his employment on other occasions such as on the job training, on the

5    job instruction and counseling, discussions of his performance and evaluation of his

6    performance, and advancement within Wal-Mart.

7    20.    Defendant Wal-Mart has failed to provide plaintiff Bargeron with equal

8    opportunities for advancement at Wal-Mart whether by increasing his wages in his current

9    position, promotion, or transferring to other positions at Wal-Mart.

10    21.    Despite Defendant Wal-Mart's failure to accommodate his disability and

11    discrimination against him because of his disability, plaintiff Bargeron has successfully

12    performed the essential functions of his job at Wal-Mart.

13    22.    Defendant Wal-Mart has limited, segregated and classified plaintiff in a way that

14    adversely affects his employment opportunities at Wal-Mart because of his disability.

15    23.    Defendant Wal-Mart has failed to make reasonable accommodations to plaintiff's

16    known physical limitations.

17    24.    As a result of defendant Wal-Mart's failure to accommodate his disability and

18    discrimination against him because of his disability, plaintiff has suffered emotional distress,

19    mental anguish and humiliation.

20    25.    Defendant Wal-Mart acted with reckless or callous indifference to plaintiff's

21    rights under federal law: therefore plaintiff is entitled to an award of punitive damages under the

22    ADA.

23    26. Plaintiff Bargeron is suffering irreparable injury and is threatened with irreparable

24    injury in the future by reason of defendant Wal-Mart's failure to accommodate his disability and

25    discrimination against him because of his disability.

COMPLAINT --4

**David A. Snyder**
Attorney At Law
4370 N.E. Halsey Street, #124
Portland, Oregon 97213
503.222.9290

1      27. Plaintiff has no adequate remedy at law.

2      28. Plaintiff filed a disability discrimination complaint with the Equal Employment

3  Opportunities Commission (EEOC).  On March 4, 2004, the EEOC issued plaintiff a right to sue

4  notice (copy attached as Exhibit A).

5      **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT (ADA)**

6      29.    The allegations of paragraphs 1—28 are incorporated herein by reference.

7      30.    Plaintiff Bargeron has a disability within the meaning of Section 3(2) of the ADA.

8  42 U.S.C. §12102(2).

9      31.    Plaintiff Bargeron is a qualified individual with a disability within the meaning of

10  Section 101(8) of the ADA. 42 U.S.C. §12111(8).

11      **FIRST ADA VIOLATION— FAILURE TO MAKE
         REASONABLE ACCOMMODATION**

12

13      32.    At all times material hereto, defendant Wal-Mart  knew that plaintiff Bargeron is

14  deaf.

15      33.    Despite plaintiff's requests and requests made on his behalf, defendant Wal-Mart

16  failed to accommodate his disability.

17      34.    Defendant Wal-Mart  failed to make a good faith effort to identify potential

18  accommodations and implement effective reasonable accommodations needed to enable plaintiff

19  Bargeron to enjoy employment opportunities equal to those enjoyed by employees who can hear

20      35.    By its failure to accommodate plaintiff Bargeron's known disability, its failure to

21  make a good faith effort to identify and implement accommodations, and its actions described

22  above, defendant has failed to make reasonable accommodation in violation of Sections

23  102(b)(5)(A) and 102(a) of the ADA. 42 U.S.C. §12112(b)(5)(A) and 12112(a).

     /////

24   /////

25

COMPLAINT --5

**David A. Snyder**
Attorney At Law
4370 N.E. Halsey Street, #124
Portland, Oregon 97213
503.222.9290

## SECOND ADA VIOLATION—LIMITING, SEGREGATING AND CLASSIFYING BECAUSE OF DISABILITY

36.    Defendant Wal-Mart, by its failure to accommodate plaintiff Bargeron for a period of five years has limited, segregated and classified him because of his disability in violation of Sections 102(b)(1) and 102(a) of the ADA. 42 U.S.C. §12112(b)(1) and 12112(a).

37.    Plaintiff is entitled to an award of his attorney's fees, litigation expenses, and costs under Section 505 of the ADA. 42 U.S.C. §12205.

38.    As a direct and proximate result of defendant Wal-Mart's violation of plaintiff Bargeron's rights under the ADA, plaintiff has suffered damages, and will continue to suffer additional damages so long as defendant continues its illegal discrimination, in the form of loss of wages and associated benefits (plus interest), emotional distress, mental anguish, and humiliation, plus attorneys' fees, litigation expenses and costs.

39.    WHEREFORE, plaintiff Bargeron prays for the following relief against defendant Wal-Mart:

1.    A jury trial to determine the factual questions raised herein.

2.    A declaratory judgment that defendant's above described acts have violated plaintiff's rights under the ADA;

3.    A permanent injunction prohibiting defendant, its agents, assistants, successors, and all persons acting in concert or cooperation with it or at its direction or under its control from discriminating against plaintiff in violation of the ADA;

4.    A money judgment against defendant, compensating plaintiff for all wages and benefits including loss of future earnings—plus interest, to which he would have been entitled were it not for defendant's discrimination in violation of the ADA;

COMPLAINT --6

**David A. Snyder**
Attorney At Law
4370 N.E. Halsey Street, #124
Portland, Oregon 97213
503.222.9290

1          5.      A money judgment against defendant for compensatory and punitive

2    damages;

3          6.      A money judgment against defendant for all costs and reasonable

4    attorney's fees incurred in the prosecution of this action; and

5          7.      All other relief that this Court may deem just and proper.

## SECOND CLAIM FOR RELIEF—
## WASHINGTON LAW AGAINST DISCRIMINATION

### JURISDICTION

40.     Jurisdiction is invoked pursuant to 28 U.S.C. § 1367 in that plaintiff's claim under

Washington law for employment discrimination because of disability is so related to plaintiff's

claims under the Americans With Disabilities Act that it forms part of the same case or

controversy under Article III of the United States Constitution.

### PARTIES

41.     Plaintiff incorporates paragraphs 3-4 by reference.

### FACTS AND VIOLATIONS OF THE WASHINGTON
### LAW AGAINST DISCRIMINATION

42.     Plaintiff incorporates paragraphs 7-24, 26-27, 32-34, and 38 by reference.

43.     Plaintiff Bargeron has a disability under the WALAD, that is, a sensory, mental or

physical abnormality that substantially limited his ability to perform his job.

44.     Plaintiff Bargeron was and is qualified to perform the essential functions of his

job and other positions at Wal-Mart.

45.     Plaintiff Bargeron gave defendant Wal-Mart notice of his disability and the

accompanying substantial limitations.

46.     Defendant Wal-Mart failed, after notice described in the preceding paragraph, to

affirmatively adopt measures that were available to defendant to accommodate plaintiff's

COMPLAINT --7

**David A. Snyder**
Attorney At Law
4370 N.E. Halsey Street, #124
Portland, Oregon 97213
503.222.9290

1    disability.

2        47.    Defendant Wal-Mart discriminated against plaintiff by failing to provide plaintiff

3    Bargeron with equal opportunities for advancement at Wal-Mart whether by increasing his

4    wages in his current position, promotion, or transferring to other positions at Wal-Mart.

5        48.    As a result of defendant Wal-Mart's failure to accommodate his disability and

6    discrimination against him because of his disability, plaintiff has suffered emotional distress,

7    mental anguish and humiliation.

8        49.    WHEREFORE, plaintiff Bargeron prays for the following relief against defendant

9    Wal-Mart:

10            1.    A jury trial to determine the factual questions raised herein.

11            2.    A declaratory judgment that defendant's above described acts have

12            violated plaintiff's rights under the WALAD;

13            3.    A permanent injunction prohibiting defendant, its agents, assistants,

14            successors, and all persons acting in concert or cooperation with it or at its

15            direction or under its control from discriminating against plaintiff in violation of

16            the WALAD;

17            4.    A money judgment against defendant, compensating plaintiff for all wages

18            and benefits—including loss of future earnings—plus interest, to which he would

19            have been entitled were it not for defendant's discrimination in violation of the

20            WALAD;

21            5.    A money judgment against defendant for compensatory damages;

22            6.    A money judgment against defendant for all costs and reasonable

23            attorney's fees incurred in the prosecution of this action; and

24    /////

25    /////

COMPLAINT --8

**David A. Snyder**
Attorney At Law
4370 N.E. Halsey Street, #124
Portland, Oregon 97213
503.222.9290

1       7.    All other relief that this Court may deem just and proper.

2

**DATED** this ISt day of June, 2004.

3

4

5      DAVID A. SNYDER, WSB No. 17849

6      Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT --9

**David A. Snyder**
Attorney At Law
4370 N.E. Halsey Street, #124
Portland, Oregon 97213
503.222.9290

EEOC Form 161-A (3/98)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| | |
|---|---|
| To: Jack Bargeron<br>C/O David A. Snyder<br>4370 North East Halsey Street<br>#124<br>Portland, Oregon 97213 | From: Seattle District Office<br>909 First Avenue<br>Suite 400<br>Seattle, WA 98104 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 380-2004-00348 | Frances F. Palmer,<br>Enforcement Supervisor | (206) 220-6865 |

**TO THE PERSON AGGRIEVED:**

This Notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that is will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### – NOTICE OF SUIT RIGHTS –
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosure(s)

_A. Luis Lucero_
Jeanette M. Leino,
District Director

MAR 4 2004
(Date Mailed)

cc: Naomi Berkowitz
THE GAITÁN GROUP, PLLC
WAL-MART
3131 Elliott Avenue, Suite 700
Seattle, WA 98121

Jack Bargeron
913 Ne 4th Ave.
Camas, WA 98607

EXHIBIT A
PAGE 1 OF 1